IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KEITH LAMAR RAYFORD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-3272-CV-S-ODS |
| ) | Crim. No. 08-3136-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND OPINION**
**(1) SETTING EVIDENTIARY HEARING ON 28 U.S.C. § 2255 MOTION;**
**(2) APPOINTING COUNSEL FOR MOVANT; AND**
**(3) DENYING IN PART MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Pending is Rayford's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). Rayford was sentenced to 240 months' imprisonment after pleading guilty to possession with intent to distribute crack cocaine, cocaine, ecstasy, and methamphetamine. Rayford filed a direct appeal, but then dismissed it.

Rayford claims he only dismissed his appeal because his counsel advised him that he had spoken with the government, and that the government would not file a motion to reduce Rayford's sentence under Rule 35 of the Federal Rules of Criminal Procedure unless Rayford dismissed his appeal. After he dismissed his appeal, the government did not file a Rule 35 motion, and Rayford's counsel made no attempt to reinstate the direct appeal.

In his § 2255 motion, Rayford claims his counsel's alleged advice to dismiss his direct appeal and counsel's failure to move to reinstate his appeal constituted ineffective assistance of counsel. Rayford also argues that he is entitled to be resentenced under a retroactive application of the Fair Sentencing Act of 2010.

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Applying this standard, Rayford is conclusively not entitled to relief on his request to be resentenced under the Fair

Sentencing Act of 2010. *See U.S. v. Smith*, No. 10-1266, 2011 WL 285056, at *3-*4 (8th Cir. 2011); *U.S. v. Brewer*, 624 F.3d 900, 909-10 n. 7 (8th Cir. 2010).

However, the same cannot be said of Rayford's claim for ineffective assistance of counsel. The issues raised by this claim which cannot be conclusively resolved on the current record include whether counsel's advice–as described by Rayford–was based on an erroneous understanding of the government's power to withhold a Rule 35(b) motion. *See U.S. v. Smith*, 574 F.3d 521, 526 (8th Cir. 2009 ("A defendant's assistance is the only permissible basis for the government to exercise or refuse to exercise its power under § 3553(e)" (internal quotations and citation omitted)); *U.S. v. Marks*, 244 F.3d 971, 973 n.1 (8th Cir. 2001) (holding that, in analyzing Rule 35(b) motions, Eighth Circuit relies upon cases decided under § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e)). *But see U.S. v. Richardson*, 558 F.3d 680, 682 (7th Cir. 2009) (holding that government could condition Rule 35(b) motion on waiver of right to appeal).

The Court has scheduled an evidentiary hearing for June 23, 2011, at 8:30 AM in the United States District Court in Springfield, Missouri. The Court appoints Alison Hershewe to represent Rayford in this proceeding.

IT IS SO ORDERED.

DATE: February 8, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT